UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELO B. PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 04-1949 (ESH) |
| | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

In this action brought under the Privacy Act, 5 U.S.C. § 552a, plaintiff sues the Bureau of Prisons "for failing to correct inaccuracies and maintain correct information in [his] prison file." Complaint at 1. He seeks monetary damages under subsection (g)(1)(C) of the Act. Plaintiff alleges that defendant relied on inaccurate information in making decisions about his placement and retaliated against him through a prison transfer in October 1997 for exercising his First Amendment right to redress grievances. Before the Court are defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and plaintiff's motion for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court finds that plaintiff's complaint is barred by *res judicata*. It therefore will grant defendant's motion to dismiss and deny plaintiff's motion for summary judgment.

Defendant moves for dismissal on the grounds that plaintiff's claim is barred by the Privacy Act's statute of limitations and collateral estoppel. It also asserts that the complaint fails to state a claim upon which relief may be granted. In support of its collateral estoppel argument, defendant attaches court documents from plaintiff's previous action that compels

this Court to conclude that this action (as opposed to an issue presented herein) is barred.[1/]

Under the doctrine of *res judicata*, "the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate--even if they chose not to exploit that opportunity--whether the initial judgment was erroneous or not."  *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).  The doctrine of *res judicata* requires an identity of parties or their privies in the earlier and later suits.  A final judgment in one action "bars any further claim based on the same 'nucleus of facts,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'"  *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (*quoting Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2nd Cir. 1977), *cert. denied*, 434 U.S. 903 (1977)); *accord Velikonja v. Ashcroft*, 355 F. Supp.2d 197, 200-01 (D.D.C. 2005).

   Plaintiff's current complaint involves the same parties and nucleus of facts that formed the basis of his Privacy Act complaint filed in the Southern District of Florida.  *See* Deft.'s Ex. 3 (*Perry v. Bureau of Prisons*, Case No. 03-21089-Civ-Seitz/White S.D. Fla.) (complaint).)  On remand from the United States Court of Appeals for the Eleventh Circuit specifically to address the Privacy Act claim, the Southern District of Florida found that because plaintiff "had notice of the alleged violation by April 1999," his claim filed on "May

---

[1/]  In contrast to claim preclusion, collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970); *accord Yamaha Corporation of America v. U.S.*, 961 F.2d 245, 254 (D.C. Cir. 1992).

1, 2003" was barred by the Act's two-year statute of limitations.[2]  Deft.'s Ex. 5.  (Order Affirming Magistrate Judge White's Report and Recommendation at 3).  Plaintiff is barred from relitigating his Privacy Act claim here.  *See Kelso v. U.S. Dept. of State*, 13 F. Supp.2d 12, 17 (D.D.C. 1998) ("a dismissal based on the statute of limitations [] acts as a judgment on the merits."); *Calhoun v. Lehman*, 556 F. Supp. 67, 68 (D.D.C. 1982), *appeal dismissed and case remanded on other grounds*, 725 F.2d 115 (D.C. Cir. 1983) ("A dismissal based on the statute of limitations in the Court of Claims is a decision on the merits and is *res judicata* in the Federal District Courts.").  The Court therefore grants defendant's motion to dismiss and denies plaintiff's motion for summary judgment.  A separate Order accompanies this Memorandum Opinion.

                  s/
                 ELLEN SEGAL HUVELLE
                 United States District Judge

Date:  July 19, 2005

---

[2]  The complaint is file-stamped June 5, 2003.  Deft's Ex. 3.  This discrepancy, however, does not affect the outcome inasmuch as the complaint was filed two years beyond the limitations period of April 2001.